**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Josefa Mendoza

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JOSEFA MENDOZA,**

Plaintiff,

v.

**INVESTMENT RETRIEVERS, INC.,**

Defendant.

Case No.:

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**

**II.   THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**

**III.  CALIFORNIA'S IDENTITY THEFT ACT, CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.; AND,**

**IV.   NEGLIGENCE**

**JURY TRIAL DEMANDED**

///
///
///

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. JOSEFA MENDOZA ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of INVESTMENT RETRIEVERS, INC. ("Defendant") with regard to attempts by Defendant debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

_____

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.   Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.   Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10.   This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (iii) California's Identity Theft Act, California Civil Code §§ 1798.92, et seq ("CITA"); and, (iv) negligence.

11.   Because Defendant conducts business within the State of California, personal jurisdiction is established.

///
///
///
///

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant, including filing collection action in the San Luis Obispo Superior Court against Plaintiff.

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

14. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. Defendant is a California Corporation duly organized and existing under the laws of the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

17. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

18. Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. On or about August 25, 2011, an imposter entered into a written contract with Downey Nissan ("Nissan") to purchase a 2011 Nissan Murano, VIN # JN8AZ1FY3BW000205 (the "Vehicle") in Plaintiff's name without Plaintiff's knowledge and/or consent.

21. The contract required the Plaintiff (in this case the imposter) to make monthly payments in the amount of $1,007.84 beginning October 9, 2011, until the totally payment, $72,564.48, was paid in full.

22. On April 2, 2012, the imposter breached the contract by failing to make a payment on the contract when due.

23. As a result of the imposter's breach, Nissan repossessed the Vehicle on or about July 2, 2012 pursuant to the terms of the contract.

24. On or about March 19, 2015, Nissan allegedly transferred the debt to Defendant for collection

25. As a result of the breach of contract by the imposter, Defendant filed a lawsuit against Plaintiff titled *Investment Retrievers, Inc v. Josefa J Mendoza*, with the Superior Court of the State of California, County of San Luis Obispo on March 11, 2016, court case number: 16CV-0122 (the "Collection Action").

26. Defendant made a prayer for relief for damages as a result of a deficiency balance in the amount of $27,442.56, plus interest at the contract rate of 5.99%, costs, attorney fees, and further relief the Court may deem proper.

27. Plaintiff was shocked when Plaintiff was served the Summons and Complaint and immediately filed an incident report with local authorities for a possible identity theft on or around April 2016.

28. Thereafter, Plaintiff retained counsel and counsel began litigating the above named case.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

29. In this regard, Plaintiff filed an Answer in the Collection Action on May 3, 2016.

30. Said Answer stated the following:

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint seeks to collect a debt from Defendant despite notice that Defendant is the "victim of identity theft" as defined by Cal. Civ. Code § 1798.92, et seq.. As such, Defendant is not personally liable for said debt.

31. Plaintiff's Answer was served on Defendant via facsimile and U.S. Mail.

32. Defendant received Plaintiff's Answer at 4:57 p.m. on May 2, 2016.

33. Not only was Plaintiff coping with the trepidation of being a victim of identity theft, Plaintiff was also forced to incur attorneys' fees and costs to defend the Collection Action wrongfully filed against Plaintiff for almost $30,000.00.

34. This out of pocket expenditure was extremely frustrating to Plaintiff since Plaintiff is of limited financial means.

35. Plaintiff also felt the expenditure was unjust since Plaintiff did not believe that Plaintiff should be required to incur such damages in connection with a debt that Plaintiff did not incur.

36. Despite being put on notice that Plaintiff was the victim of identity theft, Defendant, through Daniel John Carvo of the Law Office of Daniel John Carvo, made a significant demand from Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

37. Specifically, Defendant provided the following two options:

> Re:   Investment Retrievers, Inc. vs. Josefa J Mendoza, et al.
>        San Luis Obispo County Superior Court Case No.: 16CV-0122
>        Our File No.: 0030263354
>
> Dear Matthew M. Loker:
>
>        We are in receipt of your client's answer to the complaint and are proceeding accordingly. However, my client has let me know they are willing to settle this case based upon the options set out below:
>
> **Option 1:** Lump sum of $20,949.71 payable on or before 06/17/16 for a dismissal with prejudice.
> **Option 2:** $29928.15 to be paid with $5985.63 paid on or before 06/17/16 and then monthly payments of $665.07 due the 20th of every month beginning the following month until the remaining balance is paid in full on a stipulation.

38. Plaintiff rejected both options.

39. On June 6, 2016, Plaintiff also propounded discovery requests upon Defendant.

40. Plaintiff included a copy of Plaintiff's police report in said discovery requests.

41. Defendant admitted that Defendant received a copy of Plaintiff's Police Report in Defendant's Responses to Plaintiff's Requests for Admissions dated July 11, 2016.

42. Following receipt of this admission, Plaintiff grew even more frustrated and worried about the Collection Action because Defendant did not agree to dismiss the Action even though Defendant acknowledged receipt of the Police Report.

43. Moreover, Plaintiff also responded to Defendant's discovery requests on July 11, 2016.  Said responses were sent via U.S. Mail and facsimile which was received at 11:05 a.m. on July 11, 2016.

///

///

///

44. In preparing said responses with Counsel, Plaintiff felt that Plaintiff's right to privacy was violated. Said requests sought information from Plaintiff regarding Plaintiff's residency and employment that Plaintiff did not wish to share with others.

45. Defense counsel, Daniel John Carvo, acknowledged receipt of Plaintiff's responses via e-mail on July 12, 2016.

46. Plaintiff's discovery responses again explicitly denied, in part, that Plaintiff purchased the vehicle from Nissan; that Plaintiff opened the account at issue in the Collection Action; that Plaintiff received monthly statements; that Plaintiff agreed to pay Nissan any money; that Plaintiff breached a contract with Nissan; that Plaintiff received monthly statements from Nissan; that Plaintiff received collection letters from Defendant; and, that Plaintiff signed the Nissan contract.

47. Moreover, Plaintiff's discovery responses were also verified with Plaintiff's signature.

48. Said signature is drastically different than the signature which appears on the Nissan contract.

49. Thereafter, Defendant sent Plaintiff a written communication dated August 12, 2016 requesting additional information beyond the police report already provided to Defendant.

50. In response, Plaintiff provided Defendant with a completed FTC Identity Theft Victim's Complaint and Affidavit on two separate occasions.

51. Moreover, the Parties' counsel also attended three Case Management Conferences before the Honorable Charles S. Crandall.

52. During the final Case Management Conference on December 12, 2016, Judge Crandall asked Plaintiff's counsel, Matthew M. Loker, what Plaintiff's position was regarding the debt.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

53. Loker informed Judge Crandall, and reminded Defense counsel, that Plaintiff was the victim of identity theft; that Plaintiff did not own a Nissan; and, that Plaintiff did not drive.

54. Moreover, Loker also conveyed to the Court that Plaintiff had informed Defendant that the debt at issue herein was incurred via identity theft in Plaintiff's Answer to the Collection Action; and, that Plaintiff provided a police report as well as a completed FTC Identify Theft Victim's Compliant and Affidavit.

55. Judge Crandall Ordered the Parties to Mediation at the conclusion of the Case Management Conference.

56. Thereafter, Loker contacted Carvo regarding mediation.   Loker again provided the Police Reports to Carvo and explained that Plaintiff did not speak English.

57. Of note, the contract relied upon by Defendant was in English and bore a signature drastically different than Plaintiff's signature.

58. Despite repeatedly being informed that Plaintiff was the victim of identity theft since at least May 2016, Defendant maintained and actively litigated the collection action until February 14, 2017.

59. While Defendant dismissed the Collection Action on that date, said dismissal was without prejudice as opposed to with prejudice.

60. As a result, Plaintiff is still scared that Defendant may engage in further collection activity; file another collection action against Plaintiff; and/or transfer the debt to another entity for collection.

61. Through this conduct, Plaintiff suffered an invasion of legally protected interests in being free from unwanted and unwarranted collection activity since Plaintiff is the victim of identity theft.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

62. Defendant willfully and intentionally ignored Plaintiff's rights by maintaining the collection action for approximately nine months after first being informed that Plaintiff was the victim of identity theft.

63. During the long course of litigating the collection action, Defendant failed to conduct a reasonable investigation into Plaintiff's identity theft claims following receipt of Plaintiff's police report on multiple occasions as well as the FTC Identity Theft Victim's Complaint and Affidavit on multiple occasions as well.

64. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

65. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

66. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

67. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

68. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

69. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

70. In addition, Defendant's continued illegal collection actions and failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

71. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety. Despite this knowledge, Defendant continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

72. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, preparing and mailing affidavits letters, filing police reports, attorneys' fees, mental and emotional pain and anguish.

73. As a result of Defendant's actions, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

76. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

79. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## COUNT III

### VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
### CAL. CIV. CODE § 1798.92-1798.97

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

82. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code §

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### COUNT IV
### VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
### CAL. CIV. CODE § 1798.92-1798.97

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the FDCPA; RFDCPA; and, CITA.

85. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

86. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of these statutes; by maintaining the Collection Action for nine months after being put on notice that Plaintiff was the victim of identity theft; and, by dismissing the Collection Action without prejudice.

87. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

88. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

89. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- General damages according to proof;

- Special damages according to proof;

- Loss of earnings according to proof;

- Costs of suit incurred herein;

- Punitive damages according to proof as to the Fourth Cause of Action against Defendant; and,

- Any and all other relief the Court deems just and proper.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

**TRIAL BY JURY**

90.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated:  March 7, 2017                                    Respectfully submitted,

                                    **KAZEROUNI LAW GROUP, APC**

                                    By:    /s/ Matthew M. Loker
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF